JOHN MADISON v. THE STATE.

No. 1974. Decided June 26, 1912.

**1.—Burglary—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence sustained the conviction, there was no error.

**2.—Same—Continuance—Want of Diligence.**

Where the defendant based his continuance on the subpoena issued by the State, and the record showed that neither the State nor the defendant used proper diligence to secure the absent witness, there was no error in overruling the motion.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of burglary; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case appellant was convicted of burglariously breaking and entering a railway car, taking therefrom a number of sacks of potatoes.

That the car was broken and entered without the consent of the owner is proven by the witnesses Fitzgerald and Morrell; the testimony of the witnesses Rabb, Wooten and Bills, taken together, would positively identify appellant as the person who broke and entered the car. Mr. Bullock also identifies him as the person, but on cross-examination his testimony is not so satisfactory that one would like to base a conviction on his testimony alone, but the testimony of the other three is conclusive and the jury find it true.

The first error assigned is that the court erred in overruling the application for a continuance on account of the absence of a witness, J. M. Edwards. The facts stated it is expected to be proven by this witness, if true, would be material to defendant. The record discloses, however, that defendant had made no application to have this witness summoned, and bases his continuance on the subpoena issued by the State. This case was tried on January 16, and the subpoena issued in behalf of the State, on its face, shows it was not issued until the 15th day of January, the day before the case was called for trial. The offense was alleged to have been committed on November 11, and appellant arrested on that day; he was indicted on December 30, and yet on the day of the trial he had made no effort to secure the attendance of this witness, and the State had issued for him only on the day before the trial. The diligence was insufficient, either for the State or defendant, and the court did not err in overruling the application. In approving the bill, the court also states:

"It will be noticed that defendant never looked this witness, San Edwards, up or had a subpoena issued for him at all. The State did not issue for him until the day before the trial. This I did not consider diligence either for the State or the defendant. Besides, I thought then, as I think now, that the witness was a particeps criminis. I did not and do not believe after hearing all the evidence his testimony is probably true. In fact, the jury when hearing all the evidence, I think would readily conclude that he was particeps criminis."

And from reading the record, the conclusion of the judge seems to have foundation in the testimony.

The only other error assigned is the insufficiency of the testimony. The State's testimony fully supports the verdict.

The judgment is affirmed.

*Affirmed.*